N. B. GIUSTINA and Ehrman Giustina, as Co-Executors of the Estate of Erminio Giustina, Deceased, and Irene Giustina, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Anselmo GIUSTINA and Josephine Giustina, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Natale B. GIUSTINA and Jacqueline Giustina, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Ehrman V. GIUSTINA and Marion Lee Giustina, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Gregory H. GIUSTINA and Verda M. Giustina, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 64–32 to 64–36.

United States District Court
D. Oregon.

March 14, 1967.

Rehearing Denied April 24, 1967.

William E. Dougherty, Portland, Or., for plaintiffs.

Norman Sepenuk, Asst. U. S. Atty., and Sidney I. Lezak, U. S. Atty., Portland, Or., for defendant.

OPINION

KILKENNY, District Judge:

In 1947, the plaintiffs organized Giustina Brothers Partnership (the partnership), and the partnership became the owner of extensive timber lands in Oregon. The partners also controlled Giustina Brothers Lumber Company (the corporation), an Oregon corporation. On July 1, 1948, the partnership entered into a contract with the corporation which provided for the sale by the partnership to the corporation of certain standing timber, which was to be cut and removed by the corporation. This contract, later modified by a supplementary agreement on April 1, 1957, provided that the corporation would pay the real property taxes on all timber lands covered by the contract, in addition to the agreed price for the timber. In actual practice, how-

ever, the partnership paid the taxes and then was reimbursed by the corporation.

The reimbursements to the partnership from the corporation constitute the subject of this litigation. Although the partnership claimed a deduction from ordinary income for the real property taxes paid by it for the period in question here, it treated the sums reimbursed to it by the corporation for real property taxes paid as "amounts realized from the disposal of timber", thus increasing the capital gains it realized from the disposal of timber. The Commissioner determined that the reimbursements received were not amounts realized from the disposal of timber within the meaning of Section 631(b) of the Internal Revenue Code of 1954,[1] and treated the reimbursements as ordinary income. After the Commissioner's determination, adjustments were made, and deficiencies were assessed against the plaintiffs. The plaintiffs paid the deficiencies, together with interest, and then filed timely claims for refund. After the claims were rejected by statutory notices of disallowance, these actions, now consolidated for trial, were commenced.

The identical contracts were before the Court in Giustina v. United States, 190 F.Supp. 303 (D.Or.1960), in which the Court held that the contract between the partnership and the corporation was a "disposal" of timber and that the partnership did retain an "economic interest" in the timber, thus holding that the predecessor of § 631(b) was satisfied. The trial court's decision was affirmed in United States v. Giutina, 313 F.2d 710 (9th Cir. 1963). Here, the Government concedes that the amounts realized by the partnership from the disposal of timber are entitled to capital gains treatment, but it argues that the reimbursements to the partnership for real estate taxes paid, cannot be considered as "amounts realized" from the "disposal of timber" within the meaning of § 631(b). In arriving at a conclusion, I must weigh and give particular significance to the fact that the corporation is obligated to pay the real estate taxes without reference to the amount of timber that might be cut. For that matter, it is required to pay the taxes even though it never cut the timber.[2] The supplemental contract provided in paragraph 2: "Commencing with the real property taxes for the 1955–56 tax year, Buyer has and shall continue to pay all real property taxes and assessments levied on Seller's timber and timberlands * * *." If, as clearly stated in the contract, the corporation is obligated to pay the taxes, irrespective of the amount of timber, if any, cut, it cannot logically be said that the tax reimbursements were amounts realized from the disposal of timber.

Willamette Valley Lbr. Co. v. United States, 252 F.Supp. 199 (D.Or.1966),

---

[1] "SEC. 631. GAIN OR LOSS IN THE CASE OF TIMBER OR COAL.

\* \* \* \* \*

(b) *Disposal of timber with a retained economic interest—*

In the case of the disposal of timber held for more than 6 months before such disposal, by the owner thereof under any form or type of contract by virtue of which such owner retains an economic interest in such timber, the difference between the amount realized from the disposal of such timber and the adjusted depletion basis thereof, shall be considered as though it were a gain or loss, as the case may be, on the sale of such timber. In determining the gross income, the adjusted gross income, or the taxable income of the lessee, the deductions allowable with respect to rents

and royalties shall be determined without regard to the provisions of this subsection. The date of disposal of such timber shall be deemed to be the date such timber is cut, but if payment is made to the owner under the contract before such timber is cut the owner may elect to treat the date of such payment as the date of disposal of such timber. For purposes of this subsection, the term 'owner' means any person who owns an interest in such timber, including a sublessor and a holder of a contract to cut timber." 26 U.S.C. § 631(b) (1954 ed.).

\* \* \* \* \*

[2] Contract, Paragraph 2(c) provides: "Buyer shall pay such other taxes and assessments as shall accrue with reference to each said parcel of land."

**42**

does not support the plaintiffs' contentions. The decision in that case permitted the purchaser, under a timber contract, to deduct *ad valorem* taxes on land and timber and capitalize these items as part of the cost of the timber. There, the taxpayer was viewed as the owner of the timber and the one on whom the tax was imposed and, therefore, entitled to the deduction. Here, there is no question but that the partnership is entitled to a deduction for the taxes paid. Here, as distinguished from *Willamette*, the question is whether the partnership is required to report such amounts as ordinary income or as a capital gain. It is my view that the tax reimbursements received by the partnership were not "amounts realized" on the disposal of timber under § 631(b), aforesaid.

I believe it unnecessary to pass on the legal issue of whether the partnership retained an economic interest, as required by the same section of the Internal Revenue Code.

As a consequence of the above, the plaintiffs are not allowed to treat the tax reimbursements they received from the corporation as capital gains. Such reimbursements must be treated as ordinary income.

The agreed facts and this opinion shall serve as my findings. Counsel shall prepare, serve and submit an appropriate judgment in each case.

It is so ordered.

## ORDER DENYING MOTION FOR RE-HEARING AND RECONSIDERATION

I have again analyzed Willamette Valley Lumber Co. v. United States, 252 F. Supp. 199 (D.Or.1966), in the light of the arguments on the motion for rehearing and reconsideration. Nothing of a new or a novel theory was advanced in the arguments of plaintiffs' counsel, nor can I find anything in *Willamette* which points to a result other than that stated in the original opinion.

Therefore, the motion for rehearing and reconsideration must be denied.

It is so ordered.